ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 OCT 10 P 1: 21

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

KENNETH T. NEWSOME, II,           )
                                  )
        Plaintiff,                )
                                  )
v.                                )     CV 312-086
                                  )
ANTOINETTE JOHNSON, FNU YOUNG,    )
Lieutenant, and DIANE DEES,       )
                                  )
        Defendants.               )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Telfair State Prison in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

### I.    BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

As Plaintiff admits in his complaint, a review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Newsome v. Chatham County Detention Center, No. 08-16439F (11th Cir. July 15, 2009) (appeal dismissed as frivolous); (2) Newsome v. Smith, CV 407-136 (S.D. Ga. Nov. 13, 2007) (case dismissed for failure to state a claim); and (3) Newsome v. Terry, CV 507-327 (M.D. Ga. Sept. 9, 2008) (same).[2] As these previous cases were dismissed as frivolous or for failing to state a claim, they qualify as strikes under § 1915(g). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

[2] Another previous action, Newsome v. Ambrose, CV 611-043 (S.D. Ga. Aug. 29, 2011), was dismissed pursuant to the three-strikes provision. See id., doc. no. 20.

2

qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

## B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Moreover, "general and conclusory allegations are not sufficient to establish the imminent threat of serious physical harm." Skillern v. Jackson, CV 606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citations omitted); see also Lee v. Hendrick, CIV.A. 10-0368-CB-N, 2010 WL 4054119, at *2 (S.D. Ala. Sept. 9, 2010), *adopted by* CIV.A. 10-00368-CB-N, 2010 WL 4046054 (S.D. Ala. Oct. 14, 2010) (plaintiff's vague and conclusory allegation that he "feared for his life" based on one prior sexual assault was insufficient to qualify for imminent danger exception).

The only arguably specific allegations Plaintiff makes with respect to being in danger at all concern an inmate named Robinson, who Plaintiff avers was put in his cell on August 14, 2012, subsequently threatened him, and, on August 23, 2012, physically assaulted him. (Doc. no. 1, p. 5.) Plaintiff reports, however, that when he advised Defendant Young about the assault, he was moved to another two-person cell, where he was confined at the time he signed the complaint on August 30, 2012. Plaintiff makes no allegation that his current cellmate, if any, has made any threats or physically harmed him in any way, nor does he allege that he faces the continued threat of assault from inmate Robinson. Accordingly, by Plaintiff's own allegations, the only specific threat of violence had dissipated by the time he filed his complaint. See Medberry, 185 F.3d at 1193 (a prisoner failed to allege he was in

3

imminent danger, despite having been assaulted by other inmates, because he had been placed in administrative confinement by the time he filed his complaint).

Otherwise, Plaintiff only offers vague allegations that "[t]hreats have been made against [his] life," and the conclusory allegation that he is in "imminent danger." (Doc. no. 1, pp. 5-6.) Plaintiff fails, however, to allege who is making threats against him, or to offer any other specific facts in support of his allegations. This is insufficient to establish the imminent threat of serious physical harm. Compare Smith v. Clemons, 465 F. App'x 835, 835 (11th Cir. 2012) (*per curiam*) (prisoner alleged imminent danger by identifying the prison official who threatened him and the nature of the threat) with Lee, 2010 WL 4054119, at *2 (plaintiff alleged in conclusory fashion that he "feared for his life" after sexual assault). Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three-strike rule.

C. **Dishonesty in Complaint**

Moreover, the form complaint Plaintiff used to commence this case, "Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated, as well as certain information regarding any previous cases.[3] (Doc. no. 1, p. 2.) Under penalty of perjury, Plaintiff indicated that he had brought a total of four lawsuits, including the three discussed above, see supra Part II. A., and another that was settled. (See doc. no. 1, pp. 1-3.) Plaintiff failed to disclose, however, a case which had been dismissed pursuant to the three

---

[3]The form also states, "If you have filed more than one lawsuit, list other lawsuits on a separate sheet of paper, giving the same information for each." (Doc. no. 1, p. 2.)

4

strikes provision on August 29, 2011, more than a year before this case was filed. See Newsome v. Ambrose, CV 611-043 (S.D. Ga. Aug. 29, 2011).

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731, *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007) (citations omitted); see also Young v. Sec'y Fla. Dep't of Corrs., 380 F. App'x 939, 940-41 (11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).[4]

---

[4]The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false

5

All told, Plaintiff has accumulated three strikes and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g); thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.[5]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 10th day of October, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, CV 396-325, doc. no. 4 (M.D. Fla. May 2, 1996).

[5]The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

6