

ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 NOV -9 AM 11: 21

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| KENNETH T. NEWSOME, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 312-086 |
| ) | |
| ANTOINETTE JOHNSON, FNU YOUNG, ) | |
| Lieutenant, and DIANE DEES, ) | |
| ) | |
| Defendants. ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 4). The Magistrate Judge recommended that Plaintiff's complaint be dismissed without prejudice pursuant to the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), because Plaintiff had brought at least three cases or appeals that were dismissed for being frivolous or for failing to state a claim upon which relief may be granted. In addition, the Magistrate Judge found that Plaintiff did not qualify for the "imminent danger exception" to § 1915(g). Finally, the Magistrate Judge found that Plaintiff was also subject to a recommendation of dismissal because of dishonesty in his complaint, namely that Plaintiff failed to disclose in his complaint a prior lawsuit that had been dismissed pursuant to the "three strikes" provision. (See doc. no. 4.)

In his objections, Plaintiff does not dispute that he is subject to the three strikes

provision of § 1915(g), but he maintains that he qualifies for the imminent danger exception for two reasons. First, Plaintiff vaguely alleges that Defendants Young and Johnson have threatened him with harm since he filed his complaint. (Doc. no. 6, p. 5.) This allegation is immaterial to the imminent danger inquiry which is limited to determining whether Plaintiff was in imminent danger of serious physical harm at the time he filed suit. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff also alleges, however, that he has been the subject of multiple assaults in the past at Macon State Prison and Smith State Prison. (Doc. no. 6, p. 5.) Plaintiff avers that "[i]ndividuals involved in the assaults have expressed their intent to have their threats carried out whether it be passed from one institution to the next, following [Plaintiff's] relocations." (Id. at 4-5.) According to Plaintiff, after he was transferred to Telfair State Prison ("TSP") in August 2012, an inmate named Robinson, who "had just physically assaulted another inmate," was placed in his cell. (Id. at 2.) Plaintiff asserts that inmate Robinson threatened him and, on August 23, 2012, physically assaulted him. (Id.) Plaintiff reports, however, that when he notified Defendant Young about the assault, he was moved to another cell with a different roommate. (Id.) Plaintiff concludes that he was in imminent danger when he filed his complaint because he was in a "two man cell with a 'room mate' whom at any time could have participated in this on-going assault pattern." (Id. at 4-5.)

As the Magistrate Judge explained in the R&R, however, "general and conclusory allegations are not sufficient to establish the imminent threat of serious physical harm." Skillern v. Jackson, CV 606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citations omitted). While Plaintiff alleges that inmate Robinson assaulted him at TSP, he fails to

2

allege that the assault was linked to any "on-going assault pattern," and indeed states that inmate Robinson had just assaulted someone else before being moved into his cell. Moreover, Plaintiff's allegation that he was at risk of assault by his current roommate at TSP because of these prior assaults is conclusory at best, particularly as Plaintiff does not allege that the roommate ever threatened or harmed him. In short, Plaintiff's belated allegations fall short of demonstrating he was in imminent danger at the time he filed his complaint.

Plaintiff's remaining objections are reassertions of facts that the Magistrate Judge properly found did not satisfy the standard for showing imminent danger or are otherwise without merit. In sum, Plaintiff's objections provide no basis for departing from the conclusions in the R&R. As a result, his objections are **OVERRULED**. Accordingly, the R&R is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motion to proceed *in forma pauperis* is **DENIED** (doc. no. 2), and this action is **DISMISSED** without prejudice.[1] If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this ___ day of November, 2012, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[1] As this case is now closed, Plaintiff's requests for a preliminary injunction and a temporary restraining order are **DENIED AS MOOT**. (Doc. nos. 3-1, 3-2.)

3